UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:02-cr-703

    Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

Francisco Alcala,

    Defendant.

## I. INTRODUCTION AND BACKGROUND

Defendant Francisco Alcala has filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c). (Doc. No. 150). He argues his sentence should be reduced because Guidelines Amendment 782 reduced the base offense level for certain drug offenses, including those for which he was convicted. (*Id.* at 1-2).

In November 2001, Alcala was arrested after law enforcement officers executed a search warrant at his residence. During the execution of the search warrant, Alcala shot one of the officers in the chest. Fortunately, the bullet was stopped by the officer's bullet-proof vest. Alcala subsequently was indicted on nine charges: conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 3); assaulting a federal officer, in violation of 18 U.S.C. § 111 (Count 4); discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(a)(iii) (Count 5); attempted murder of a federal officer, in violation

of 18 U.S.C. § 1114 (Count 6); discharging a firearm in the attempted murder of a federal officer, in violation of 18 U.S.C. § 924(c)(1)(a)(iii) (Count 7); assaulting and resisting search and seizure warrant by use of a deadly weapon, in violation of 18 U.S.C. § 2231(b) (Count 8); and use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 9).

He subsequently pled guilty to Counts 1, 2, 3, 4, 5, 6, and 8, pursuant to a plea agreement. Counts 7 and 9 were dismissed. Alcala's Guidelines range was 235 to 293 months in prison, with a mandatory sentence of 120 months on Count 5 to run consecutively to any other term of imprisonment he received. On March 24, 2003, Judge David A. Katz sentenced Alcala to a term of 235 months on Counts 1, 2, 3, 4, 6, and 8, to run concurrently, and 120 months on Count 5, to run consecutively to Alcala's term of imprisonment on the other counts. (*See* Doc. No. 122 at 2).

After his sentencing, the United States Sentencing Commission adopted Guidelines Amendment 782, which lowered the base offense level for many drug offenses. *See* https://www.ussc.gov/guidelines/amendment/782 (last visited January 16, 2020). Alcala subsequently filed his motion to reduce his sentence. This case was reassigned to me following Judge Katz's death in 2016.

## II. ANALYSIS

Section 3582 permits a court to reduce a defendant's term of imprisonment if the defendant was sentenced to a term of imprisonment based upon a sentencing range which the Sentencing Commission subsequently lowers, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). An amendment to the Guidelines does not grant the defendant a right to a reduced sentence; rather, it grants the court discretion to consider reducing the defendant's previously-imposed sentence. *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

A court first must determine whether a defendant is eligible for a sentence reduction. *Dillon v. United States*, 560 U.S. 817, 827 (2010). After determining whether Alcala is eligible for a sentence reduction, I also must consider the 18 U.S.C. § 3553(a) factors and "'the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment.'" *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) (quoting U.S.S.G. § 1B1.10 cmt. n. 1(B)). Further, I may consider Alcala's post-sentencing conduct while incarcerated. *Id.*

The government does not dispute Alcala's claim that he is eligible for a sentence reduction, but opposes his motion based upon a concern for public safety. (Doc. No. 151 at 3). The government argues Alcala's conduct during the execution of the search warrant demonstrates he poses a risk to public safety, as he has admitted attempting to cause serious bodily injury to an individual which he knew or reasonably should have known was a police officer. (*Id.* at 7-8).

As I noted above, Alcala was sentenced to a term of 235 months in prison following his guilty plea to Counts 1, 2, 3, 4, 6, and 8. Guidelines Amendment 782 revised the guidelines applicable to drug trafficking offenses, such as those charged in Counts 1, 2, and 3. Amendment 782 had no impact on the guidelines for offenses involving assault on a federal officer (Count 4), attempted murder of a federal officer (Count 6), or the use of a firearm while resisting the execution of a search and seizure warrant (Count 8). While Alcala was ordered to serve his sentence on those charges concurrently to his sentence on the drug offenses, his applicable Guidelines range was derived from Counts 1 through 3, as it was higher than his sentencing range on Counts 4, 6, or 8.

Guidelines Amendment 782 lowered Alcala's base offense level for Counts 1 through 3 from 38 to 36. His base offense level for Counts 4, 6, and 8 remains 28. After applying Alcala's victim-related and acceptance-of-responsibility adjustments to his combined adjusted offense level, Alcala's adjusted offense level also is 36 for Counts 1 through 4, 6, and 8.

3

As the government notes, Alcala engaged in extremely serious and dangerous conduct when he shot a task force officer executing the search warrant. His sentence reflects that fact. He will serve a mandatory 10-year sentence for discharging a firearm during a crime of violence.

Further, after Guidelines Amendment 782, Alcala's sentencing range is 188 to 235 months. This range still is higher than the range that would have been applicable to Counts 4, 6, and 8 prior to the acceptance-of-responsibility adjustment – 108-135 months. *See* U.S.S.G. 1B1.10(b)(1) ("In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, . . . the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."). A reduction in the sentencing range applicable for his drug offenses does not diminish the severity of the punishment Alcala has received for his crime of violence.

Alcala also points to his pro-social activities since he was sentenced, including completing ACE classes, consistent compliance with institutional rules, and maintaining employment at FCI-Milan. (Doc. No. 150 at 5). He also indicates he is married, has strong family ties and support, and has productive plans for after his release from prison. (*Id.*).

Having considered "the nature and circumstances of the offense[s]" to which Alcala pled guilty and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense, . . . [and] to afford adequate deterrence to criminal conduct," I conclude the sentence reduction is warranted. An amended sentence of 188 months in prison on Counts 1, 2, 3, 4, 6, and 8, with a mandatory sentence of 120 months on Count 5 running consecutive to Alcala's sentence on the other counts, is sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a).

### III. CONCLUSION

For the reasons stated above, I grant Alcala's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 150).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge